**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 2009-50 (WOB)**

**CYNTHIA A. RISCH**                                                  **PLAINTIFF**

**VS.**                    **MEMORANDUM OPINION AND ORDER**

**KENTON COUNTY, ET AL.**                                **DEFENDANTS**

This matter is before the court on the motions to dismiss by defendants (Docs. 239, 241, 251, 263, 264, and 265) and plaintiff's motion to amend (Doc. 284).

The court heard oral argument on these motions on Thursday, April 14, 2011. Michael O'Hara represented the plaintiff; Stacy Tapke represented defendants Kenton County and Terry Carl; Louis Kelly represented the individual deputy defendants; Robert Duncan represented defendant Southern Health Partners and its employees named individually; and Cathy Stickels represented St. Elizabeth Medical Center and its employees named individually. Official court reporter Joan Averdick recorded the proceedings.

At this hearing, all parties agreed that the limitations issue regarding the Kenton County jail and its staff, as well as Southern Health Partners and its employees, would depend on the application of the "continuing violation" theory to the facts in this case. The court took the matter under submission in order to review the authorities.

Although some decisions have recognized the application of the continuing violation doctrine to § 1983 jail treatment cases[1], the decisions from this district and the Court of Appeals for the Sixth Circuit have not. *See Cuco v. Fed. Med. Ctr., Lexington*, No. 05-CV-232, 2006 WL 1635668, at *29-*30 (E.D. Ky. June 9, 2006) (rejecting application of the doctrine on similar facts), *aff'd*, 257 F. App'x 897 (6th Cir. 2007).[2] *Cf. Cole v. Growse*, No. 07-CV-61-KSF, 2008 WL 695355, at *4 (E.D. Ky. Mar. 12, 2008).

This court considers itself bound by the Sixth Circuit decision in *Cuco* and agrees with the rationale of the cited decisions from this district. Therefore, the County defendants, including the medical providers at the jail, are entitled to dismissal.

Next, the motion to dismiss by St. Elizabeth's and its employees on statute of limitations grounds must be granted. It is undisputed that plaintiff was released from the care of these defendants on May 17, 2008, but the claims against them were not filed until November 10, 2009, long past the expiration of the applicable one-year limitations period.

---

[1] *See, e.g., Jervis v. Mitcheff*, 258 F. App'x 3, 5-6 (7th Cir. 2007); *Pratts v. Coombe*, 59 F. App'x 392, 395 (2d Cir. 2003); *Heard v. Sheahan*, 253 F.3d 316, 320 (7th Cir. 2001); *Ellis v. Vadlamudi*, 568 F. Supp.2d 778, 785 (E.D. Mich. 2008).

[2] The Sixth Circuit affirmed summarily based on the extensive opinion by Judge Karl Forester.

Finally, the court will grant plaintiff's motion to add the United States as a defendant so that she may pursue claims against the health care provider which was the predecessor to Southern Health Partners, which has been determined to be in effect an agency of the United States.

Therefore, having heard the parties, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that:

(1) The motions to dismiss by Kenton County and Southern Health Partners and their employees (Docs. 239, 241, 251, 263) be, and are hereby, **GRANTED AS TO PLAINTIFF'S FEDERAL CLAIMS.** The court declines to exercise its supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3), and those claims are **DISMISSED WITHOUT PREJUDICE.**;

(2) The motion to dismiss by St. Elizabeth's and its employees (Doc. 265) be, and is hereby, **GRANTED**;

(3) The motion to dismiss for lack of subject matter jurisdiction (Doc. 264) be, and is hereby, **DENIED AS MOOT**; and

(4) Plaintiff's motion to amend (Doc. 284) be, and is hereby, **GRANTED.** Plaintiff shall file an amended complaint adding the United States as a defendant **within ten (10) days of entry of this order.**

This 15th day of April, 2011.



Signed By:
*William O. Bertelsman*
United States District Judge

TIC: 50 min.